**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SANDRA G. SHAVER,
Plaintiff-Appellant,

v.                                                              No. 96-2763

HORRY COUNTY SCHOOL DISTRICT,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CA-95-2765-4-22JI)

Argued: July 16, 1997

Decided: October 6, 1997

Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit
Judge, and FOX, Chief United States District Judge for the Eastern
District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion. Senior Judge Butzner
wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Herbert Wiley Louthian, Sr., LOUTHIAN &
LOUTHIAN, Columbia, South Carolina, for Appellant. David
Eugene Dubberly, CHILDS & DUFF, P.A., Columbia, South Caro-
lina, for Appellee. **ON BRIEF:** Rebecca G. Fulmer, LOUTHIAN &
LOUTHIAN, Columbia, South Carolina, for Appellant. Kenneth L.

Childs, Allen D. Smith, CHILDS & DUFF, P.A., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sandra Shaver, Plaintiff-Appellant, brought suit against Horry County School District, Defendant-Appellee, alleging that she was denied a promotion due to her age and sex. The school district moved for summary judgment. The magistrate judge recommended that the motion be denied finding enough evidence of discrimination to survive summary judgment. The district court disagreed, and granted summary judgment to the school district finding that Shaver had not shown that the school district's proffered reasons were false. We affirm.

FACTS

Sandra Shaver, the assistant principal at Aynor High School, was denied a promotion to principal and filed suit against Horry County School District alleging sex and age discrimination under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.§ 2000(e)), and the Age Discrimination in Employment Act (29 U.S.C.§ 621).

Shaver was and is highly regarded as the vice-principal of Aynor High School ("Aynor"). She has over eight years experience as vice-principal of Aynor, and eighteen additional years of teaching experience. She has a master's degree in education and is an "educational specialist in educational administration."

In 1994, the principal position became vacant, and Shaver applied for the position. Shaver did not receive the position, and, instead, Dar-

2

rell Rickets, a vice-principal with two years experience as a vice-principal and seven years experience as a teacher, was appointed as principal. Shaver claims that she was not promoted to the position of principal because of her age and sex.

DISCUSSION

On a motion for summary judgment, the court reviews the district court's determination de novo using the same standard as the district court. Wagner v. Wheeler, 13 F.3d 86, 90 (4th Cir. 1993). The court reviews the record and must view the evidence in the light most favorable to the nonmoving party. Evans v. Technologies Applications & Service Company, 80 F.3d 954, 959-960 (4th Cir. 1996). Moreover, courts must take special care when considering a motion for summary judgment in discrimination cases because motive is often the critical issue. Id. at 958.

To meet her burden on summary judgment, plaintiff may choose to rely, as Shaver does in the instant case, on the proof scheme set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and further explained in Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981), and St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). Under the McDonnell Douglas proof scheme, the plaintiff first bears the burden of establishing by a preponderance of the evidence a prima facie case of discrimination. Burdine, 450 U.S. at 252. If plaintiff makes out a prima facie case, a presumption is created that the employer unlawfully discriminated against the employee. Id. at 254. Thus, absent an explanation on the part of the employer, plaintiff would be entitled to summary judgment. Hicks, 509 U.S. 506.

Therefore, in order to avoid summary judgment, the defendant must come forward with a legitimate nondiscriminatory reason for its employment decision. Burdine, 450 U.S. at 254. If the employer presents a legitimate nondiscriminatory reason, then the presumption evaporates so the burden shifts back to the plaintiff who must meet the ultimate burden of persuading the trier of fact that the employer's reasons are "pretextual or unworthy of credence." Henson v. Liggett Group, Inc., 61 F.3d 270, 275 (4th Cir. 1995).

The plaintiff need not provide direct evidence of discrimination. As the Supreme Court noted in Hicks, "[t]he factfinder's disbelief of the

3

reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may together with the prima facie case, suffice to show intentional discrimination." Hicks, 509 U.S. at 511.

After Shaver met the burden of establishing her prima facie case, the school district provided nondiscriminatory reasons for its employment decision. The school district asserts that Shaver interviewed poorly and that it determined that she was not the most qualified person for the job.

The school district has a two-step process in selecting its principals. First, a selection committee is formed which consists of members of the local community and two teachers from the school for which the principal is to be selected. The selection committee then selects three candidates to send to the superintendent. The superintendent selects as principal one of the three candidates.

The selection committee for the principal position consisted of five voting members, one of whom, Patsy Windham, was female. Windham strongly supported Shaver's candidacy.**1** The selection committee was charged with selecting three candidates to send to the superintendent for consideration. The selection committee sent only two names to the superintendent and did not select Shaver. The committee's reasons for not selecting Shaver was her poor interview performance and the fact that it believed she was not the most qualified person for the job.

Shaver has failed to show that the school district's stated reasons

_____

**1** There were seven participants in the selection process. Harriet Blanton -- principal of North Myrtle Beach High School; Daryl Brown -- Teacher (Aynor High School); Patsy Windham -- Teacher (Aynor High School); Charles Dawsey -- Advisory Board Member (Aynor area); Ronald Dixon -- Advisory Board member (Aynor area); Bert Floyd -- School Improvement Council member (Aynor High School); and Mike King -- District Office Administrator. Mike King did not vote as administrator, and Blanton, as the only principal on the panel, did not vote since as a principal she would be a colleague of whomever was appointed to the position.

for its employment decision are false. Shaver first asserts that she did not in fact interview poorly. However, four of the five voting members of the selection committee, including a committee member who supported Shaver, stated in their affidavits that Shaver interviewed poorly.[2] In addition, Blanton, a non-voting female member of the committee, indicated that Shaver's interview performance was "not well received" and that her "interview skills and presentation skills" were "awful."

Shaver also disputes the school district's contention that she was not the most qualified person for the job. She argues that the selection committee was to consider each candidate based on a formula established by the school district, and that under that formula she was the second highest rated applicant during the first interview process and the best applicant during the second interview process. However, the selection committee's failure to use the stated formula does not indicate discrimination.

First, there is no evidence in the record which suggests that the formula was mandatory and that the selection committee was required to apply the formula mechanically. Second, there is no evidence that the selection committee's decision not to use the formula was due to a discriminatory purpose.

The best candidate during the first round of interviews under the formula was Edward Jones, and he was also rejected by the committee. Thus, the committee's decision not to use the formula was not designed merely to thwart Shaver's attempt to become principal, but was a nondiscriminatory decision by the committee to use the formula as a guide, and to base its final decision on the interview. Thus, the

_____

**2** Shaver asserts that her interview scores were close to or better than the other candidates selected. However, one's interview score in the instant case does not relate to the quality of the interview. Candidates were graded on the answer to each question, not on the quality of their interview. In addition, Harriet Blanton, principal at North Myrtle Beach High School, and a non-voting member of the selection committee, indicated on Shaver's interview sheet that she gave a poor interview. Blanton was a non-voting member because as principal of another high school she would be the colleague of whomever was selected as principal.

5

mere fact that Shaver had a high score under the formula does not mean that Shaver was the most qualified person for the job.

The district court determined that Shaver failed to offer direct evidence that the school district's articulated reasons for not promoting her were pretextual, and that the circumstantial, largely anecdotal evidence she proffered was inadequate to create a triable issue. We have reviewed the record and agree with the district court and find that Shaver failed to offer sufficient evidence to raise a valid factual dispute regarding the employer's stated reasons for its employment decision. The decision of the district court is therefore affirmed.

AFFIRMED

BUTZNER, Senior Circuit Judge, dissenting:

I respectfully dissent. To implement its final recommendation, the committee rated only interview scores. It did not rate training and experience. Interviews are notoriously subjective. Training and experience are the objective factors of the county's prescribed selection formula. The formula is quite simple: 2 (Interview Composite Scores) + 1 (Training Rating) + 1 (Experience Rating) = Ranking. Application of the formula avoids discrimination. Had the committee rated the objective factors and the interviews in accordance with the formula, Ms. Shaver would have received a cumulative "Ranking" score greater than the Score of the successful candidate.

Inasmuch as Ms. Shaver proved a prima facie case of gender discrimination, I believe that the committee's refusal to credit training and experience cast doubt on the committee's proffered reason for not recommending Ms. Shaver. The omission of these factors raises an inference of discrimination. As the nonmoving party, Ms. Shaver is entitled to the benefit of this inference. The inference and the evidence, including the fact that no woman had been named the principal in the Aynor district, present a genuine issue of material fact about gender discrimination. In my view, summary judgment was inappropriate.

60